## Heath & Milligan Manufacturing Co. v. Daniel F. Flannery.

1. CONTRACT—*To Pay for Material, etc.—Burden of Proof.*—Where a person agreed in writing to pay for material which another should use in finishing a job, before a recovery can be had, it must be shown that the material was furnished and used in finishing the work.

Assumpsit, for materials furnished. Appeal from the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge, presiding. Submitted at the March term, 1895. Affirmed. Opinion filed April 4, 1895.

McGLASSON, BEITLER & MALMIN and JAMES LANE ALLEN, attorneys for appellant.

MR. JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

This cause originated in a justice's court, where the appellant commenced a suit against the appellee to recover the price of certain goods delivered to one George Gregory upon an order signed by the appellee.

Judgment was obtained in the justice's court, and an ap-

peal taken by the defendant, and upon trial (a jury having been waived,) in the Circuit Court, judgment was rendered in favor of the appellee and against the appellant, and this appeal is taken to reverse said judgment.

The order upon which the goods were delivered was as follows:

"CHICAGO, November 25, 1890.

Messrs. Heath & Milligan,

GENTS: George Gregory has a contract to paint two houses at Longwood for Z. Dorion, contractor; the contract is for $160, on which he has received $60, and has painted the exterior. If you will present bill for any material he may use in finishing said work, I will see that the amount is held back from the amount of his contract to pay the same. I am attorney for the Masonic Building, Loan and Savings Association.

Very respectfully,

D. F. FLANNERY."

When the plaintiff received this order, it furnished Gregory with material to the amount of $78.56, and charged and billed it to appellee, and shipped it to Gregory at Kensington, Illinois, instead of to Longwood, where the houses were.

Those places were on different lines of railroad, and were five or six miles apart, across the country.

Whether any of the material that was furnished under the order was used in finishing the work referred to was not shown, but it was shown that the job referred to was not completed, and that Gregory absconded.

The most that can be claimed of the order given by the appellee is that it was a promise to pay for materials to be furnished to Gregory and used by him in the job. There was a failure to prove that such use of the materials was made. Without reproducing here the letters of Gregory that were read in evidence, it is sufficient to say that they do not sustain the contention of appellant that the material was used on the job.

The judgment of the Circuit Court was, we think, correct, and it will be affirmed.